UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHARLES GOBBLE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:24-CV-069-DCLC-CRW |
| OFFICER KORI LAWSON, OFFICER W. SMITH, OFFICER CENTERS, OFFICER WHITE, CORPORAL JOHNSON, and OFFICER ALLY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a prisoner's pro se action for violation of § 1983. On July 10, 2024, the Court entered an order that, among other things: (1) directed the Clerk to send Plaintiff a non-prisoner application for leave to proceed *in forma pauperis*, (2) provided Plaintiff thirty days to return the application or pay the full filing fee, and (3) warned Plaintiff that failure to fully timely comply with that order would result in the Court presuming he is not a pauper and ordering the case dismissed for want of prosecution [Doc. 6 p. 1–2]. Plaintiff has not responded to that order or otherwise communicated with the Court, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal

under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to his willfulness or fault, as it appears that Plaintiff received the Court's previous order and chose not to comply. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants. As to the third factor, the Court notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action without further notice [*Id.* at 2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff sought leave to proceed *in forma pauperis* in this action and failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's previous order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                                s/Clifton L. Corker
                                                United States District Judge

3

Case 2:24-cv-00069-DCLC-CRW   Document 7   Filed 09/03/24   Page 3 of 3   PageID #: 38